UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UGONDA HOZE                                CIVIL ACTION

VERSUS                                     NO: 08-4015

WAL-MART STORES, INC.,                     SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court is the Defendant's **Motion for Summary Judgment.** (Rec. D. 39.) Having considered the motions and legal memoranda, the record, and the law, the Court finds that Defendant's **Motion for Summary Judgment** (Rec. Doc. 39)is **DENIED**.

**BACKGROUND**

This action arises out of an alleged violation of the Americans with Disabilities Act ("ADA") by the Defendant Wal-mart Stores, Inc., ("Wal-mart") while the Plaintiff was an employee there in 2005. (Rec. D. 40 Pl. Mem. in Opp'n to Def. Mot. for Summ. J. 1)

Plaintiff, Ugonda Hoze was employed at Wal-Mart for approximately four years. (Rec. D. 39 Def. Statement of Uncontested Facts ¶ 1-8.) For most of that time, she worked as a freezer hauler which necessitated frequent trips inside of a refrigerated environment. (Def. Statement ¶ 2.) During this time she received above average performance reviews. (Def. Statement ¶ 3.)

Ms. Hoze has serious asthma. (Rec. D. 40 Pl. Statement of Contested Material Facts ¶ 4.) In June of 2005, Plaintiff's doctor advised her that her working conditions might be contributing to her worsening health. (Pl. Statement ¶ 8) Following that conversation, Plaintiff applied for an ADA accommodation from Wal-mart. (Pl. Statement ¶ 16.) Plaintiff's doctor submitted a letter in support of her application. (Pl. Statement ¶ 10) The application was denied.(Pl. Statement ¶ 16.) Subsequent to that the denial, Plaintiff was placed on a 30 day leave from employment without pay.(Def. Statement ¶ 50.) While on leave, Plaintiff contacted Wal-Mart weekly enquiring about more suitable positions and was told that none were available. (Def. Statement ¶ 51.) After 30 days, Plaintiff was eligible for re-hire as a freezer hauler but did not apply. (Def. Statement ¶59.)

**LEGAL STANDARDS**

**Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

**DISCUSSION**

**A. The Parties' Arguments**

Defendant argues that Plaintiff is unable to allege facts which would create a prima facie case of discrimination under the ADA. In order to prove discrimination, Plaintiff must show that (1) she has a disability, (2) she is qualified for the job, and (3) an adverse employment action was taken against her. Defendant alleges that Hoze cannot show that she has a disability or that adverse employment action was taken against her.

3

Plaintiff contends that she has alleged facts that make out a prima facie case.

**B. Analysis**

In order to prove discrimination, Plaintiff must show that (1) she has a disability, (2) she is qualified for the job, and (3) an adverse employment action was taken against her. <u>Allen v. Rapides Parish Sch. Bd.</u>, 204 F.3d 619, 623 (5th Cir. 2000)

To prove she has a disability, Plaintiff must prove that (1) her disability substantially limits one or more major life activity, (2) she has a record of impairment, and (3) she was regarded as having this impairment. 42 USC 12102 (1) (2008) Courts have differed in their classification of asthma under the ADA. Some courts have excluded mild cases of asthma from the protection. <u>See</u> <u>Robinson v. Global Marine Drilling Co.</u>, 101 F.3d 35, 37 (5th Cir. 1996)(noting that "a few instances of shortness of breath while climbing stairs … do not rise to the level of substantially limiting the major life activity of breathing.") Other courts have included it within the scope of protected conditions. See <u>Treadwell v. Dow-United Technologies</u>, 970 F.Supp. 962 (M.D. Ala. 1997)(finding a genuine question of fact when individual had experienced three episodes - one in which the

4

employee had to be put on oxygen -- within a month.) Ms. Hoze's asthma has risen to the level of requiring hospitalization several times. Her asthma could plausibly be considered a disability under the ADA; a thorough factual analysis is required to determine whether or not Ms. Hoze's condition qualifies. As a result, whether or not Ms. Hoze's asthma rises to the level of a disability remains an open factual question.

With respect to the last two prongs of the test for the disability, Ms. Hoze also argues that she recorded her impairment with a physician and that, at least in the event of her 30 day leave, Wal-Mart regarded Ms. Hoze as disabled.

There is no dispute in the record about Ms. Hoze's qualifications to perform her job.

With respect to whether or not adverse employment action was taken against Ms. Hoze, genuine issues of material fact remain. These include whether or not the 30 day leave constituted adverse employment action? Whether defendant purposefully withheld information about appropriate employment opportunities? And, whether or not defendant provided reasonable accommodations?

**CONCLUSION**

Summary Judgment is appropriate where there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). Several factual issues must be resolved before a conclusion can be reached in this case. Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment** (Rec. Doc. 39) is **DENIED.**

New Orleans, Louisiana, this 25rd day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE